**VIKAS BAJAJ**
Law Office of Vikas Bajaj, APC
1230 Columbia Street, Suite 565
San Diego, California 92101
Telephone: (619) 525-7005
Facsimile: (619) 232-0001
vbajaj@bajajlaw.com
California State Bar No: 216464

Attorney for Defendant:
**DEEPANSHU KHER**

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **THE PEOPLE OF THE STATE OF CALIFORNIA,**<br><br>Plaintiff,<br><br>v.<br><br>**DEEPANSHU KHER,**<br><br>Defendant. | CASE NO.: 19-CR-04643-H<br><br>MOTIONS TO:<br><br>1. **COMPEL DISCOVERY**<br>2. **LEAVE TO FILE FURTHER MOTIONS** |

## **STATEMENT OF FACTS**

On November 19, 2019, an Indictment was filed against DEEPANSHU KHER, for an alleged violation of Title 18, United States Code, sections 1030(a)(5)(A) and (c)(4)(B)(i) [Intentional Damage to a Protected Computer].

///
///
///
///
///
///

# I.

# MOTION TO COMPEL DISCOVERY/PRESERVE EVIDENCE

The instant request for discovery is not limited to those items that the prosecutor knows of, but rather includes all discovery listed below that is in the custody, control, care, or knowledge of any "closely related investigative [or other] agencies." See United States v. Bryan, 868 F. 2d 1032 (9th Cir.), cert. denied, 493 U.S. 858 (1989).

(1) The Defendant's Statements. The Government must disclose to the defendant all copies of any written or recorded statements made by the defendant; the substance of any statements made by the defendant which the Government intends to offer in evidence at trial; any response by the defendant to interrogation; the substance of any oral statements which the Government intends to introduce at trial and any written summaries of the defendant's oral statements contained in the handwritten notes of the Government agent; any response to any Miranda warnings which may have been given to the defendant; as well as any other statements by the defendant. Fed. R. Crim. P. 16(a)(1)(A). The Advisory committee Notes and the 1991 amendments to Rule 16 make clear that the Government must reveal all the defendant's statements, whether oral or written, regardless of whether the government intends to make any use of those statements.

(2) Arrest Reports, Notes and Dispatch Tapes. The defendant also specifically requests the Government to turn over all arrest reports, notes, dispatch or any other tapes, and TECS records that relate to the circumstances surrounding his arrest or any questioning. This request includes, but is not limited to, any rough notes, records, reports, transcripts or other documents in which statements of the defendant or any other discoverable material is contained. Such material is discoverable under Fed. R. Crim. P. 16(a)(1)(A) and Brady v. Maryland, 373 U.S. 83 (1963). The Government must produce arrest reports, investigator's notes, memos from arresting officers, dispatch tapes, sworn statements, and prosecution

reports pertaining to the defendant. See Fed. R. Crim. P. 16(a)(1)(B) and (c), Fed. R. Crim. P. 26.2 and 12(I).

(3) Brady Material. The defendant requests all documents, statements, agents' reports, and tangible evidence favorable to the defendant on the issue of guilty and/or which affects the credibility of the Government's case. Under Brady, impeachment as well as exculpatory evidence falls within the definition of evidence favorable to the accused. United States v. Bagley, 473 U.S. 667 (1985); United States v. Agurs, 427 U.S. 97 (1976). This request includes, but is not limited to the following:

(a) All promises, inducements, or threats made to gain cooperation in the investigation or prosecution of Mr. Kher as they relate to the instant case;

(b) Nature of any past or present relationship between any witness, including any cooperating witness, and federal agencies; relationships coming to fruition as a result of the investigation resulting in the instant indictment as well as relationships created during earlier investigations and non-related indictments are requested;

(c) All benefits, including, but not limited to, financial, property interests, criminal sentence reductions, whether one-time or ongoing, requested or given to any potential witness at any point in time;

(d) All ongoing negotiations with potential trial witnesses regarding any benefits, including, but not limited to, financial, property interests, criminal sentence reductions, whether on-time or ongoing.

(4) Any Information That May Result in a Lower Sentence Under the Guidelines. The Government must produce this information under Brady v. Maryland, 373 U.S. 83 (1963). This request includes any cooperation or attempted

cooperation by the defendant as well as any information that could affect any base offense level or specific offense characteristic under Chapter Two of the Guidelines. The defendant also requests any information relevant to a Chapter Three adjustment, a determination of the defendant's criminal history, and information relevant to any other application of the Guidelines.

(5) <u>The Defendant's Prior Record</u>. The defendant requests disclosure of his prior record. Fed. R. Crim. P. 16(a)(1)(B).

(6) <u>Any Proposed 404(b) Evidence</u>. The Government must produce evidence of prior similar acts under Fed. R. Crim. P. 16(a)(1)(c) and Fed. R. Evid. 404(b) and 609. In addition, under Rule 404(b), "upon request of the accused, the prosecution . . . shall provide reasonable notice in advance of trial . . . of the general nature . . ." of any evidence the government proposes to introduce under Fed. R. Evid. 404(b) at trial. The defendant requests that such notice be given immediately, as the beginning of is fast approaching, in order to give the defense time to adequately investigate and prepare for trial.

(7) <u>Evidence Seized</u>. The defendant requests production of evidence seized as a result of any search, either with or without a warrant. Fed. R. Crim. P. 16(a)(1)(c).

(8) <u>Request for Preservation of Evidence</u>. The defendant specifically requests the preservation of all physical evidence that may be destroyed, lost, other otherwise put out of the possession, custody, or care of the Government and which relate to the arrest or the events leading to the arrest in this case.

(9) <u>Tangible Objects</u>. The defendant requests the opportunity to inspect and copy as well as test, if necessary, all other documents and tangible objects, including photographs, books, papers, documents, fingerprint analyses, toxicology analyses, vehicles, or copies of portions thereof, which are material to the defense or intended for use in the Government's case-in-chief or were obtained from or belong to the defendant. Fed. R. Crim. P. 16(a)(2)(c).

(10) <u>Evidence of Bias or Motive to Lie</u>.  The defendant requests any evidence that any prospective Government witness is biased or prejudiced against the defendant, or has a motive to falsify or distort his or her testimony.

(11) <u>Impeachment Evidence</u>.  The defendant requests any evidence that any prospective Government witness has engaged in any criminal act whether or not resulting in a conviction and whether any witness has made a statement favorable to the defendant. <u>See</u> Fed. R. Evid. 608, 609 and 613; <u>Brady v. Maryland</u>, <u>supra</u>.. See paragraph (3).

(12) <u>Evidence of Criminal Investigation of Any Government Witness</u>.  The defendant requests any evidence that any prospective witness is under investigation by federal, state or local authorities for any criminal conduct.

(13) <u>Evidence Effecting Perception, Recollection, Ability to Communicate, or Truth Telling</u>. The defense requests any evidence, including any medical or psychiatric report or evaluation, that tends to show that any prospective witness' ability to perceive, remember, communicate, or tell the truth is impaired, and any evidence that a witness has ever used narcotics or other controlled substance, or has ever been an alcoholic.

(14) <u>Witness Addresses</u>.  The defendant requests the name and last known address of each prospective Government witness.  The defendant also requests the name and last known address of every witness to the crime or crimes charged (or any of the overt acts committed in furtherance thereof) who will <u>not</u> be called as a Government witness.

(15) <u>Name of Witnesses Favorable to the Defendant</u>. The defendant requests the name of any witness who made an arguably favorable statement concerning the defendant or who could not identify him or who was unsure of his identity, or participation in the crime charged.

(16) <u>Statements Relevant to the Defense</u>.  The defendant requests disclosure of any statement relevant to any possible defense or contention that he might assert.

5

(17) <u>Jencks Act Material</u>. The defendant requests production in advance of trial of all material, including dispatch tapes, which the government must produce pursuant to the Jencks Act, 18 U.S.C. section 3500. Advance production will avoid the possibility of delay at the request of defendant to investigate Jencks material. A verbal acknowledgment that "rough" notes constitute an accurate account of the witness' interview is sufficient for the report or notes to qualify as a statement under section 3500(e)(1). <u>Campbell v. United States</u>, 373 U.S. 487, 490-92 (1963). In <u>United States v. Boshell</u>, 952 F.2d 1101 (9th Cir. 1991) the Ninth Circuit held that when an agent goes over interview notes with the subject of the interview the notes are then subject to the Jencks Act.

(18) <u>Giglio Information</u>. Pursuant to <u>Giglio v. United States</u>, 405 U.S. 150 (1972), the defendant requests all statements and/or promises, express or implied, made to any Government witnesses, in exchange for their testimony in this case, and all other information which could arguably be used for the impeachment of any Government witnesses. See paragraph (3).

(19) <u>Agreements between the Government and Witnesses</u>. The defendant requests discovery regarding any express or implicit promise, understanding, offer of immunity, of past, present, or future compensation, or any other kind of agreement or understanding, including any implicit understanding relating to criminal or civil income tax, forfeiture or fine liability, between any prospective Government witness. This request also includes any discussion with a potential witness about or advise concerning any contemplated prosecution, or any possible plea bargain, even if no bargain was made, or the advice not followed.

(20) <u>Informants and Cooperating Witnesses</u>. The defendant requests disclosure of the names and addresses of all informants or cooperating witnesses, including used or to be used in this case, and in particular, disclosure of any information who was a percipient witness in this case or otherwise participated in the crime charged against Mr. Kher. The Government must disclose the informant's identity and

location, as well as disclose the existence of any other percipient witness unknown or unknowable to the defense. Roviaro v. United States, 353 U.S. 53, 61-62 (1957). The Government must disclose any information derived from informants which exculpates or tends to exculpate the defendant.

(21) Bias by Informants or Cooperating Witnesses. The defendant requests disclosure of any information indicating bias on the part of any informant or cooperating witness. Giglio v. United States, 405 U.S. 150 (1972). Such information would include what, if any, inducements, favors, payments, or threats were made to the witness to secure cooperation with the authorities.

(22) Government Examination of Law Enforcement Personnel Files. Mr. Kher requests that the Government examine the personnel files and any other files within its custody, care or control, or which could be obtained by the government, for all testifying witnesses, including testifying officers. Mr. Kher requests that these files by reviewed by the Government attorney for evidence of perjurious conduct or other like dishonesty, or any other material relevant to impeachment, or any information that is exculpatory, pursuant to its duty under United States v. Henthorn, 931 F.2d 29 (9th Cir. 1991). The obligation to examine files arises by virtue of the defense making a demand for their review: the Ninth Circuit in Henthorn remanded for in camera review of the agents' files because the government failed to examine the files of agents who testified at trial.

This Court should therefore order the Government to review all such files for all testifying witnesses and turn over any material relevant to impeachment or that is exculpatory to Mr. Kher prior to trial. Mr. Kher specifically requests that the prosecutor, not the law enforcement officers, review the files in this case. The duty to review the files, under Henthorn, should be the prosecutor's. Only the prosecutor has the legal knowledge and ethical obligations to fully comply with this request.

///

(23) <u>Expert Summaries</u>. Defendant requests written summaries of all expert testimony that the Government intends to present under Federal Rules of Evidence 702, 703, or 705 during its case in chief, written summaries of the bases for each expert's opinion, and written summaries of the experts' qualifications. Fed. R. Crim. P. 16(a)(1)(E).

(24) <u>Training Manuals</u>. Mr. Kher moves this Court for an order requiring that the Government provide him with <u>copies of any and all training manuals, handbooks, or any other materials utilized by the academies/schools at which federal law enforcement agents are trained that pertain to the subject of questioning and/or interrogating suspects</u>. This request includes, but is not limited to, any manuals, handbooks, or other materials that relate to interrogation techniques, interview techniques, and so-called "suggestive" questioning utilized in the training of federal law enforcement agents. Mr. Kher requests both the current manuals and the manuals that existed at the time the agents involved in this interrogation received their training.

(25) <u>Audio and Video Recordation of Detention and Arrest of Mr. Kher</u>. Federal agencies have made a conscious decision to avoid either videotaping or audio-taping their agents' interrogations of suspects arrested at the border. This decision to deliberately avoid making any record of (1) the tactics used to elicit these purported confessions, and (2) the statements actually made by suspects during these interrogations, has led to a tremendous amount of litigation concerning the validity of the alleged statements made during these secret interrogations. The decision to refrain from making any actual record of these closed-door interrogations calls into question the validity of the alleged confessions obtained during these sessions. It is therefore essential that defense counsel know the techniques the agents are trained to use to elicit these confessions in order to allow counsel to conduct a proper voluntariness hearing.

(26) <u>Residual Request</u>. Mr. Kher intends by this discovery motion to invoke his rights to discovery to the fullest extent possible under the Federal Rules of Criminal Procedure and the Constitution and laws of the United States. This request specifically includes all subsections of Rule 16. Mr. Kher requests that the Government provide him and his attorney with the above requested material sufficiently in advance of trial to avoid unnecessary delay prior to cross-examination.

## II.
## **REQUEST FOR LEAVE TO FILE FURTHER MOTIONS**

Mr. Kher and defense counsel recently received a voluminous amount of discovery in this case, which is currently being reviewed. As new information comes to light, the defense may find it necessary to file further motions. Therefore, defense counsel requests the opportunity to file further motions based upon information gained from discovery.

## **CONCLUSION**

For the reasons stated above, Mr. Kher respectfully requests that this Court grant the foregoing motions.

Date: March 18, 2020					Respectfully Submitted,


						/s/ *Vikas Bajaj*
						**VIKAS BAJAJ**
						Attorney for Defendant
						**DEEPANSHU KHER**